

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIO CESAR ARELLANO-GALEANA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-750-A |
| | § | (NO. 4:18-CR-020-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Julio Cesar Arellano-Galeana, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:18-CR-020-A, and applicable authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case reflects the following:

On February 2, 2018, movant was named in a one-count information charging him with possession with intent to distribute a mixture and substance containing a detectable

amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc.[1] 14.

On February 8, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 20. They also signed a waiver of indictment. CR Doc. 19. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 57.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-020-A.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38 because the offense involved more than 4.5 kilograms of methamphetamine (actual). CR Doc. 32, ¶ 25. Movant received a two-level increase for importation from Mexico, id. ¶ 26, and a two-level increase for being an organizer, leader, manager or supervisor. Id. ¶ 28. Based on a total offense level of 42 and a criminal history category of I, movant's guideline imprisonment range was 360 months to life.[2] However the statutorily authorized maximum sentence was 20 years, so 240 months became the guideline range. Id. ¶ 58. Movant did not file any objections. He did file a sentencing memorandum outlining mitigating factors he said warranted a sentence at the low range of imprisonment. CR Doc. 34.

On August 3, 2018, movant was sentenced to a term of imprisonment of 240 months. CR Doc. 38. He appealed, CR Doc. 40, and his sentence was affirmed on appeal. United States v. Arellano-Galeana, 794 F. App'x 438 (5th Cir. 2020).

---

[2] As noted at sentencing, the PSR had a typographical error causing it to read "260" instead of "360." CR Doc. 59 at 4.

3

## III.

### Grounds of the Motion

Movant sets forth four grounds in support of his motion, worded as follows:

> Ground One: Denial of Effective Assistance of Counsel

Doc.[3] 1 at 7.

> Ground Two: Movant's role adjustment enhancement erroneously applied

Id.

> Ground Three: Movant was eligible for a minor-role adjustment under section 3B1.2(b)

Id.

> Ground Four: Movant was entitled for a three-level departure under acceptance of responsibility

Id. at 4.

In his brief, movant discusses two additional grounds, worded as follows:

> V. Counsel ineffective by failing to raise and litigate a varience [sic] or sentence reduction for movant's substantial assistance to government that required his cooperation under U.S.S.G § 5K1

Doc. 2 at 2.

> VI. Movant was eligible for application of the safety valve under USSG § 5C1.2

Id.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

·5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant simply lists six things he says his counsel failed to do. His conclusory allegations are insufficient and do not raise a constitutional issue. Miller, 200 F.3d at 282; Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). As discussed, infra, his claims are foreclosed by the record in any event.

Any contention that movant did not know the sentence he faced is belied by his sworn testimony when he pleaded guilty. CR Doc. 57. Clearly, he understood that he faced a sentence of 20 years' imprisonment and that he would not be able to object if he received a sentence more severe than he expected. His declarations in open court carry a strong presumption of verity that he has made no attempt to overcome. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Movant complains that his counsel failed to file objections to the PSR. However, counsel filed a memorandum in support of movant's position regarding sentencing and made arguments at sentencing that movant now ignores. CR Doc. 34; CR Doc. 59. He has not shown, however, that objections would have made any difference.

Movant argues that his counsel was ineffective for failing to object to the two-level enhancement for being an organizer, leader, manager, or supervisor. He also argues that he should have received a reduction for his minor role in the offense. Neither of these arguments has merit. According to the PSR, movant recruited another, Ramirez-Anguiano, to deliver drugs to the undercover agent. CR Doc. 32, ¶ 16. He instructed Ramirez-Anguiano, to retrieve 5 out of 8 kilograms of drugs movant had stored in movant's room for the delivery. Id. ¶ 18. Ramirez-Anguiano expected to be paid by movant for delivering the drugs. CR Doc. 1 at 3. Movant said that he had been in the United States for five months and that he was directed to deliver the drugs by an individual in Mexico. CR Doc. 32, ¶ 17. Movant came to the United States to make money as a drug dealer for his source in Mexico. CR Doc. 34 at 2. A two-level increase is appropriate where a defendant recruits another person into the criminal activity. United States v. Pofahl, 990 F.2d 1456, 1480

(5th Cir. 1993). A defendant is only entitled to a mitigating role reduction if he shows by a preponderance of the evidence the culpability of the average participant in the criminal activity and that he was substantially less culpable than the average participant. United States v. Castro, 843 F.3d 608, 613 (5th Cir. 2016). He has not made any attempt to do so and there is no reason to believe that he could. Movant had access to 8 kilograms of methamphetamine and was entrusted to handle the proceeds of its sale. He recruited Ramirez-Anguiano to participate in the delivery in return for payment.

Movant next complains that he should have received a reduction for acceptance of responsibility. First, the record reflects that movant failed to timely reimburse the judiciary for the services of his appointed counsel as ordered by the court. Second, and more importantly, as movant's counsel conceded at sentencing, even had movant received acceptance of responsibility, it would not have made any difference in his guideline calculation. CR Doc. 59 at 4-5.

Movant complains that he did not receive a downward departure for his cooperation with the government. Whether to file a 5K1.1 motion lies within the government's discretion. United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993). Movant has not shown that the government's failure to file such

9

a motion was the result of an unconstitutional motive or breached an explicit promise. See United States v. Grant, 493 F.3d 464, 467 (5th Cir. 2007). He offers nothing more than a conclusory allegation that the assistant U.S. Attorney made some vague verbal agreement with movant's counsel. Doc. 2 at 13; Doc. 11 at PageID[4] 76, PageID 79. As noted previously, movant testified under oath that no one had made any promise to induce him to plead guilty. CR Doc. 57. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Finally, movant argues that he was entitled to application of the safety valve provision, USSG 5C1.2. Doc. 2 at 14-15. However, movant was an organizer, leader, manager, or supervisor and not entitled to the benefit of the safety valve.

But for the claim of ineffective assistance of counsel, none of plaintiff's grounds are cognizable under § 2255. To the extent he appears to present any of them outside this context, they are barred. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)(misapplication of the sentencing guidelines is not cognizable under § 2255); Brown v. United States, 480 F.2d 1036, 1038 (5th Cir. 1973)(a § 2255 motion is not a substitute for appeal).

---

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages were apparently mixed up when they arrived for filing.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 30, 2020.

_____
JOHN McBRYDE
United States District Judge